The Honorable Kim Hendren State Senator 1501 Highway 72 Southeast Gravette, Arkansas 72736-9438
Dear Senator Hendren:
You have requested my opinion on the following questions concerning teacher salaries:
 Must a public school district — having a Teacher Base Salary Schedule which provides for various "steps" for experience and educational levels — pay those certified staff members having the same experience and educational levels the same daily base rate of pay?
Must the salary calculations mandated by the Teacher Base Salary Schedule for those certified employees working 190 days but who are not on weighted factors be utilized to calculate the salaries for those certified employees on weighted factors?
If your answer to Question 2 is "yes", does the methodology of the attached Teacher Base Salary Schedule — for calculating the salaries of certified employees on weighted factors — meet the mandate of State law?
RESPONSE
Although the concern underlying your first question is not entirely clear, I have previously opined that there is no requirement that districts adopt a particular method for calculating salaries that uses the base salary as a starting point, as long as the state-prescribed minimum requirements are met and the salary schedule reflects the district's actual pay practices. The answer to your second question is "no," in my opinion, rendering moot your third question.
Question 1 — Must a public school district — having a Teacher Base Salary Schedule which provides for various "steps" for experience and educational levels — pay those certified staff members having the same experience and educational levels the same daily base rate of pay?
I am somewhat uncertain as to the precise focus of this question. If the concern arises from the placement of a staff member on a "step" lower than his or her actual experience, I explained in a previous opinion that "[e]ach teacher must be paid in accordance with the district's salary schedule, based on his or her actual experience." Op. Att'y Gen. 2008-164.[1]
It is also possible that this question is directed toward the way a district calculates salaries under its salary schedule. The words "base rate of pay" might refer to a base salary amount, the question being whether that base figure must be the starting point in calculating salaries of those having the same experience and educational level. If that is the focus, the answer is "no," in my opinion. I have previously opined that there is no requirement that districts adopt a particular method for calculating salaries that uses the base salary for those who are paid above the minimums or for extra days or duties. See Op. Att'y Gen. 2008-103 (copy enclosed). My immediate predecessor similarly observed: "How a district determines particular salary levels or increments or supplemental salaries is . . . left largely to the district." Op. Att'y Gen. 2004-196 at n. 2.
This discretion with respect to pay practices was further discussed in Opinion 2008-103 in response to the question of whether a certain salary schedule complied with state law. Under the schedule at issue in that Opinion, the salaries of certified employees who were assigned so-called "weighted factors" were calculated without utilizing the base salary of certified employees who were not assigned weighted factors. In determining that the salary schedule was in compliance with state law, I explained:
 This question appears to reflect a concern that by requiring a minimum salary schedule with a base salary for a basic, i.e., 190-day contract, see A.C.A. § 6-17-2402 and-2403 (Supp. 2007), state law prescribes a particular methodology for calculating salaries of those who are paid above the minimums, or who are to be paid for extra days or extra duties, that relies upon using the base salary as a starting point. I see no such requirement in the law, however. To the contrary, as noted by my immediate predecessor, `school districts exercise considerable discretion in determining their pay practices, including the amount of salary increments beyond the required minimums, as well as the method or formula for calculating the salaries of those who are paid under a supplemental salary schedule.' Op. Att'y Gen. 2004-196 at 4. See also id., at n. 2 (`How a district determines particular salary levels or increments or supplemental salaries is . . . left largely to the district.').
The law plainly requires each school district to adopt a `supplement to the salary schedule' for those certified personnel who are to be compensated for extra days beyond the basic contract period or for extra duties. See A.C.A. § 6-17-204(c)(2). [Footnote reciting text of this statute omitted.] In my opinion, however, state law does not prescribe the methodology for calculating such compensation. Rather, the law merely requires that by some means recorded in the salary schedule, and any supplement(s) thereto, certified employees are duly compensated.
Op. 2008-103 at 6.
Question 2 — Must the salary calculations mandated by the Teacher Base Salary Schedule for those certified employees working 190 days but who are not on weighted factors be utilized to calculate the salaries for those certified employees on weighted factors?
"No," in my opinion. See response to Question 1.
Question 3 — If your answer to Question 2 is "yes", does the methodology of the attached Teacher Base Salary Schedule — for calculating the salaries of certified employees on weighted factors — meet the mandate of State law?
This question is rendered moot by the above responses.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] The question in that opinion was whether a district could pay a teacher based on a step on the salary schedule that did not correspond to that person's experience, as long as the payment was greater than the state-mandated minimum. The answer was "no" because the district's "actual pay practices" must be reflected on the salary schedule. Op. 2008-164 at 2 (quoting A.C.A. § 6-20-2305(f)(4)(B) (Supp. 2007). As was also pointed out in that opinion, however, the resolution of individual teacher salary issues is not the proper subject of an opinion of this office. Questions of this nature concerning particular individuals must be addressed by counsel for the affected school district, in consultation with any appropriate officials at the Department of Education. *Page 1